NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIANA RUIZ-MATIAS,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-73028

Agency No. A028-956-291

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

    Adriana Ruiz Matias ("Ruiz"), a citizen and native of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") denial of her

applications for asylum, withholding of removal, and protection under the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We dismiss in part for lack of jurisdiction and deny in part.

1. Ruiz challenges the BIA's finding that she is barred from seeking asylum and withholding of removal because she committed a particularly serious crime. We lack jurisdiction to review the BIA's assessment of the facts in making the particularly serious crime determination but retain jurisdiction to "determine whether the BIA applied the correct legal standard." *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)).

Ruiz was convicted of criminal mistreatment of a child and resisting arrest for not reporting her former partner's sexual abuse of her daughter to the police. The Immigration Judge ("IJ") found, and the BIA affirmed, that this conviction constituted a particularly serious crime. Ruiz challenges the determination on the merits but does not argue that the IJ misapplied the legal standard. We lack jurisdiction to review the IJ and BIA's interpretation of the facts. *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022).

2. Ruiz also challenges the BIA's finding that she is not eligible for CAT relief because she is not likely to suffer torture at the hands of the Guatemalan government. We review for substantial evidence the agency's determination. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

Ruiz bears the burden of proving that it is more likely than not that she would be tortured if removed to Guatemala. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017); 8 C.F.R. § 208.16(c)(2). Country conditions evidence alone is sufficient to meet this burden if the evidence "compel[s] the conclusion that [she] is more likely than not to be tortured." *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010) (internal citations and quotation marks omitted).

Ruiz contends that she would be tortured because she is a lesbian woman in a same-sex relationship. But because she does not challenge the IJ's adverse credibility finding, only the country conditions reports support her argument. The BIA considered the reports and found that they were not specific enough to demonstrate that it is more likely than not that Ruiz would be tortured if she returned to Guatemala.

Although the 2017 country conditions report describes some incidents of harm to LGBTQ+ individuals at the hands of governmental actors, neither that report, nor any other country conditions document in the record, contains sufficient specific details about state violence against lesbian women in Guatemala. Thus, the country conditions evidence does not compel us to find that Ruiz would be tortured in Guatemala by, or with the acquiesce of, governmental officials.

**DISMISSED IN PART AND DENIED IN PART**